**Naye DIALLO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,\* Respondent.**

No. 06–4290–ag.

United States Court of Appeals, Second Circuit.

March 18, 2009.

Romben Aquino, Ferro & Cuccia, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Daniel Glenn Lonergan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Naye Diallo, a native of Congo and citizen of Mali, seeks review of an August 31, 2006 order of the BIA, affirming the March 15, 2006 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, which denied her motion to reopen. *In re Naye Diallo*, No. A73 535 126 (B.I.A. Aug. 31, 2006), *aff'g* No. A73 535 126 (Immig. Ct. N.Y. City Mar. 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *see also Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted as the respondent in this case.

Cir.2001). Here, we find that the BIA did not abuse its discretion in denying Diallo's motion to reopen as untimely.

█ The BIA's regulations permit an alien to file a motion to reopen no later than 90 days after the date on which the final removal order was entered. 8 C.F.R. § 1003.23(b)(1). There can be no dispute that Diallo's February 2006 motion to reopen was untimely where the agency issued a final order of removal in May 1996. *See id.* However, there are no time limitations for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). As Diallo has never argued that changed country conditions should excuse the untimeliness of her motion, the agency did not abuse its discretion in denying that motion as untimely.

█ Moreover, the agency did not err in concluding that Diallo was ineligible to file a successive asylum application based on her changed personal circumstances. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 151 (2d Cir.2008). In *Yuen Jin,* we held that the BIA had reasonably interpreted the Immigration and Nationality Act and its implementing regulations to require aliens under final orders of removal to file a successive asylum application in conjunction with a motion to reopen and in accordance with the procedural requirements for filing such motions. *Id.* at 156 (according *Chevron* deference to the BIA's interpretation of the INA announced in *Matter of C–W–L,* 24 I. & N. Dec. 346 (B.I.A. 2007)). Accordingly, as Diallo is under a final order of deportation and did not file a timely motion to reopen or demonstrate changed country conditions excusing the untimeliness of her motion, the BIA did not err in concluding that she was not eligible to file a successive asylum application based on her changed personal circumstances. *See id.* at 151, 156.

For the foregoing reasons, the petition for review is DENIED.